```
                    FILED
              CLERK, U.S. DISTRICT COURT

                    9/8/2023

            CENTRAL DISTRICT OF CALIFORNIA
            BY:_____JB_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA,  Plaintiff,  v.  JESUS ROBLES,   aka "Baby Daffy,"  Defendant. | CR   2:23-cr-00448 -RGK  I N D I C T M E N T  [18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about July 17, 2022, in Los Angeles County, within the Central District of California, defendant JESUS ROBLES, also known as "Baby Daffy," knowingly possessed a firearm, namely, a Ruger model P345, .45 caliber pistol with an obliterated serial number, and ammunition, namely, seven rounds of Blazer, Cascade Cartridges, Inc., .45 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant ROBLES possessed such firearm and ammunition knowing that he had previously been convicted of a felony crime punishable by

a term of imprisonment exceeding one year, namely, Carrying a Concealed Firearm, in violation of California Penal Code Section 25400(a)(2), in the Superior Court for the State of California, County of Los Angeles, Case Number BA503393, on or about June 23, 2022.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendants, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendants, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                          /S/
                                        Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

KELLYE NG
Assistant United States Attorney
Violent & Organized Crime Section